IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven Bush,                          :

    Plaintiff,                    :

  v.                                  :   Case No. 2:05-cv-0667

Ohio Department of                    :   JUDGE HOLSCHUH
Rehabilitation and Correction,
                                      :
    Defendant.

## ORDER

    Final judgment was entered in this case on October 15, 2007. On November 8, 2007, less than 30 days after the entry of judgment, plaintiff Steven Bush filed a motion to extend the time to file a notice of appeal. For the following reasons, the motion will be denied to the extent that it requests a 30-day enlargement of the appeals period, but plaintiff will be permitted to file a notice of appeal within 10 days of the date of this order.

    The time for filing a notice of appeal in a civil case is 30 days from the date of entry of judgment. Fed.R.App.P. 4(a)(1)(A). However, the Court has the power to extend that time period under certain circumstances. In particular, Fed.R.App.P. 4(a)(5) provides that the District Court may extend the time for filing of a notice of appeal as long as the motion is made not later than 30 days after the expiration of the original appeal period and, "regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

    Some courts had construed this rule or its predecessor as drawing a distinction between motions filed within the original

30-day appeal period and motions filed thereafter, holding that the former type of motion could be granted upon a showing of good cause and the latter type upon a showing of excusable neglect. See e.g., Villa v. Village of Elmore, 252 F.Supp.2d 492 (N.D. Ohio 2003), citing Marsh v. Richardson, 873 F.2d 129 (6th Cir. 1989).  The Advisory Committee Notes to the 2002 Amendment to Rule 4(a)(5) indicate that the rule was changed in order "to correct this misunderstanding...."  According to the Advisory Committee, a motion such as the one filed by Mr. Bush which is submitted prior to the expiration of the original deadline "may be granted if the movant shows either excusable neglect or good cause."

Here, excusable neglect is not an issue.  The question faced by the Court is whether the reason advanced by Mr. Bush for delaying the filing of his notice of appeal constitutes good cause.

According to Mr. Bush's supporting memorandum, his "immediate economic situation, a newly obtained position, existing debt obligations and the cost of maintaining two separate households" makes him "immediately unable to proceed further to incur additional expense to appeal" the judgment of this Court by November 14, 2007, the date the notice of appeal is due.  He anticipates, however, that he will be able to accumulate the "initial resources" needed to file his notice of appeal within 30 days thereafter.

If plaintiff is unable to pay the cost of filing a notice of appeal, he may move for leave to proceed on appeal *in forma pauperis*.  Thus, he may file a notice of appeal, together with such a motion, without having accumulated any financial resources.  If, as he represents, he is unable to pay the costs of filing the notice of appeal, the Court will grant him leave to proceed *in forma pauperis*.  On the other hand, if he is not

eligible, the Court will, after making that determination, direct him to pay the appropriate filing fee.  Either way, however, the lack of funds to pay the filing fee on appeal is no impediment to the timely filing of a notice of appeal.  Should it turn out that Mr. Bush is unable to pay additional costs associated with the appeal, such as paying his attorney for filing a brief, he may withdraw his notice of appeal.  However, it is the Court's view that the mere inability to pay the filing fee does not constitute good cause for an extension of the time for filing a notice of appeal.  Given that, by the time this order is docketed, there will be only a day or two left in the original appeals period, however, the Court will extend that period of time for 10 days in order to give Mr. Bush the opportunity to file his notice.

Based upon the foregoing, plaintiff's motion to extend time to file notice of appeal (#33) is DENIED IN PART.  Any notice of appeal shall be filed within 10 days of the date of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge