IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Steven Bush,                          :

      Plaintiff,                  :

    v.                               :    Case No. 2:05-cv-0667

Ohio Department of               :    JUDGE HOLSCHUH
Rehabilitation and Correction,
                              :

      Defendant.

<u>ORDER</u>

    Plaintiff, Steven Bush, has filed a notice of appeal and has
requested leave to proceed *in forma pauperis* on appeal.  He has
supported the motion with an affidavit setting forth his
employment as well as his financial assets and liabilities.  For
the following reasons, the Court will deny the application but
will give Mr. Bush 30 days in which to pay the applicable filing
fee.

    According to Mr. Bush's application, he is employed at an
annual salary approaching $40,000.  His wife also has a pension
of approximately $1,000 per month.  The couple has no dependents.
They own a home with equity in excess of $40,000 as well as two
vehicles.  Although they have a number of obligations, including
both a mortgage payment on their home in Pataskala, Ohio, and an
apartment rental payment in Memphis, Tennessee, their expenses
are not otherwise extraordinary.

    A party need not be completely without funds in order to
qualify either to file a case or take an appeal *in forma
pauperis*.  The Courts which have interpreted the applicable
statute, 28 U.S.C. §1915, do not require a party "to choose
between abandoning a potential meritorious claim or foregoing the

necessities of life.  Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir. 1983).  Rather, an applicant qualifies for *in forma pauperis* status if he or she cannot "pay or give security for the costs...and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

The Court does not believe that by paying the $455 appellate filing fee, Mr. Bush will be forced to choose between pursuing his claim and acquiring or retaining the necessities of life. Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee.  In two cases similar to this one, where the earnings and assets of the plaintiff are comparable to those of Mr. Bush, courts denied such applications.  See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 686 F.Supp. 385 (N.D.N.Y.), aff'd 865 F.2d 22 (1988); Mertz v. U.S. Customs Service, 746 F.Supp. 1107 (C.I.T. 1990).  *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.  Mr. Bush simply does not fall into that category.  As a result, his application for leave to proceed *in forma pauperis* on appeal (#36) is denied.  He shall pay the required filing fee within 30 days of the date of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.   The

motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge